IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID FELTON,                    )
                                 )
            Petitioner,          )
                                 )
    v.                           )    1:13CV960
                                 )
L.V. STEVENSON,                  )
                                 )
            Respondent.          )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the state of North Carolina, submitted what is styled as a Motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). In the Motion, Petitioner is really attacking his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling.[1] The Motion for reconsideration therefore must be construed as a habeas corpus petition under 28 U.S.C. § 2254. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he has failed to file his claims on the proper § 2254 forms. See Rules Governing Section 2254 Cases Rule 2(c).

There is no need to put Petitioner through the extra work of submitting his claims on the proper forms, however, because Petitioner states in his motion that he already challenged this conviction in a previous § 2254 action during the early 1980's. Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from

---

[1] To any extent that Petitioner is attacking the denial of an earlier habeas petition, he states no proper grounds for reconsideration and his Motion should be denied on that basis.

the Fourth Circuit for a second or successive § 2254, as is required by 28 U.S.C. § 2244. See Winestock, 340 F.3d at 200.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2254 actions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2254 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2254 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a second or successive § 2254 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. § 2244 and Fourth Circuit Local Rule 22(d).

This, the 29th day of October, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

-2-

Case 1:13-cv-00960-JAB-LPA   Document 2   Filed 10/29/13   Page 2 of 2